In the Matter of the Estate of ABRAM P. FAILING, Deceased.

Surrogate's Court, Montgomery County, July 30, 1934.

*Newton J. Herrick*, for the administrator.

*Floyd J. Reinhart*, for the petitioners.

AULISI, S. This is an application, instituted under section 231-a of the Surrogate's Court Act, for the purpose of fixing the compensation of the petitioners for legal services rendered which benefited the estate herein. A brief statement of the facts disclosed by the proof will show the reason for this proceeding.

George W. Lukens died in the city of Philadelphia, Pa., on March 16, 1899, leaving a will which was admitted to probate in that city shortly after his death. The will contained several trusts. Immediately after January 4, 1932, the date of death of the last life tenant, the Provident Trust Company, trustee under said will, applied to the Orphans Court of Philadelphia county for a construction of testator's will. The question to be determined was whether the residuary estate should be divided among the " heirs in law "

as of the date of death of testator or the date of death of the last life tenant. The trustee mailed notice of its application to all persons interested in the estate. One of these was Georgia E. Sprague, of the city of Syracuse, N. Y. Mrs. Sprague retained Charles F. McKay, an attorney in her city and one of the petitioners herein, gave him a power of attorney to represent her in Philadelphia and made an agreement with him that he was to receive as his compensation twenty-five per cent of her share, but in no event in excess of the sum of $4,000. Mr. McKay retained as counsel Edward A. Collins, an attorney in Philadelphia and the other petitioner herein, and both appeared at the hearing in the Orphans Court together with a number of other attorneys representing several heirs. By the decision of said court made on July 1, 1932, the heirs of Abram P. Failing, now deceased, will receive approximately $7,000. Georgia E. Sprague, a distributee of said Failing, will get an undivided one-sixth part. Letters of administration in the estate of said Abram P. Failing were issued by this court to Andrew J. Failing on June 9, 1933. In November, 1933, the petitioners filed a claim against the estate herein for $2,594.23 for their services, and after some proof had been taken at the trial of said claim they requested to withdraw same and proceed pursuant to section 231-a of the Surrogate's Court Act. This was allowed and the claim was then reduced to $1,660.

It is petitioners' contention that not only their client, Georgia E. Sprague, but the estate herein, benefited through their efforts, and, therefore, an allowance should be made to them out of the estate. With this contention I cannot agree.

The petitioners have never had any transactions with the representative of the estate and their services were rendered long before the administrator was appointed. They represented Mrs. Sprague and her alone. It seems to me that this is a personal obligation and one which should be paid by the person incurring it. It is true that indirectly the estate of Abram P. Failing benefited as a result of the efforts of the petitioners, but at the hearing in Philadelphia there were a number of other attorneys representing several heirs who argued on the same theory as claimants on the division of the Lukens estate.

Section 231-a of the Surrogate's Court Act provides in part that " The surrogate may direct payment therefor from the estate generally or *from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein.*" In my opinion it is obvious that this means that the surrogate should direct payment out of the funds of the estate if the claim is for services rendered to the estate or its representative. If, however,

the services were rendered to a legatee, devisee, distributee or any other person interested, the payment of the claim should be paid from the funds belonging to such person.

I, therefore, hold and decide that petitioners have no claim against the estate of Abram P. Failing. It appearing, however, that their services were rendered at the request of Georgia E. Sprague, I hold and decide that the administrator retain twenty-five per cent of the distributive share of the said Georgia E. Sprague and pay over same to the petitioners.

Enter order, on notice, accordingly.